IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
Civil Division

SARA HAUSMANN,

    PLAINTIFF,                                      Case No:. 8:20-cv-02010

v.

DIVERSE LOGISTICS DISTRIBUTION, INC,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, was an employee of Defendant, a Florida for profit corporate, and brings this action for injunctive relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2. Plaintiff worked for Defendant in a position that was strictly office related-manual labor in Hillsborough County, Florida. The parties each reside in Hillsborough County and the underlying facts and events all took place in Hillsborough County, Florida.

3. Defendant is within the jurisdiction of the Court.

4. Defendant is an EMPLOYER as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways and byways and products and

supplies (that are used in connection with services provided to Defendant's customers) that do not originate from Florida.

5. Defendant operates a distribution company in Hillsborough County and employed Plaintiff from August 26, 2018 to approximately August 14, 2020.
6. Plaintiff routinely worked in excess of 40 hour per week, during each week of her employment with Defendant.
7. Plaintiff customarily worked hours over forty in a given week or more for each week Plaintiff worked for Defendant, and was not compensated at the rate required by law.
8. Plaintiff did not have managerial discretion.
9. Plaintiff did not craft or construct Defendant's policies or procedures.
10.  Plaintiff did not have responsibility for hiring or firing of other employees.
11.  To the extent suggested by Defendant, Plaintiff disputes the notion that Plaintiff truly performed duties for Defendant consistent with those of a manager.

12. Defendant frequently paid Plaintiff $680.00 dollars for the first 40 hours of Plaintiff's employment with Defendant.

13. However, Defendant did not pay Plaintiff overtime at the lawful rate of pay to which Plaintiff was entitled.

14. Defendant schemed to provide Plaintiff with less than the lawful wages to which Plaintiff was entitled to under the FLSA.

15. Plaintiff normally worked 5 plus days a week for Defendant. During most if not all weeks of Plaintiff's employment with Defendant, Defendant should have paid Plaintiff approximately (an additional) $25.50 in overtime wages.

16. Plaintiff was paid by Defendant the equivalent of approximately $17.00 dollars per hour. Plaintiff's overtime rate would/should have been $25.50 dollars per hour.

17. Plaintiff was not paid overtime or premium wages for any hours Plaintiff worked over forty hours, for any week of Plaintiff's employment with Defendant.

18. This action is brought under the FLSA to address unpaid wages as well as to obtain injunctive relief

against Defendant as well as reasonable attorneys' fees and costs and this action is also brought under the FLSA to recover unpaid wages as well as to recover for Defendant's retaliation against Plaintiff for objecting to Defendant's unlawful pay practices.

19. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, including those brought pursuant to the FLSA.

20. Defendant did not have a right not to pay Plaintiff overtime at the lawful rate of pay.

**Failure to Pay Wages Under the FLSA**

21. Plaintiff re-alleges and incorporates the preceding paragraphs, including but not limited to paragraph numbers on through twenty, as set forth above.

22. Section 207 of the FLSA, require payment for all hours worked by an employee of an employer who is covered by the FLSA and premium wages for those hours worked over forty hours in a given week.

23. Defendant is covered by the FLSA.

24. Defendant is not exempt under the FLSA.

25. Plaintiff's job duties did not rise to the level of managerial as an employee of Defendant.

26. Plaintiff's actual work (for Defendant) duties involved largely, if not primarily, office variety labor variety duties.

27. Plaintiff did not have discretion that rose to the level of management while employed by Defendant.

28. Plaintiff, in the course of his duties for Defendant, routinely worked at least 5 hours more for Defendant than actually paid Plaintiff.

29. Plaintiff was not paid proper wages for the additional 5 hours Plaintiff worked for Defendant during each week of Plaintiff's employment with Defendant.

30. The additional time worked by Plaintiff, for Defendant, as set forth above, was known to Defendant, directed by Defendant and required by Defendant.

31. Defendant, alternatively, was required to pay Plaintiff premium wages for the additional twenty-five hours Plaintiff worked for at least each week of Defendant's employment.

32. However, Defendant did not pay Plaintiff any wages for the time Plaintiff worked in excess of

5

forty hours a week and Defendant certainly did not pay Plaintiff premium wages for this period of time.

33. Accordingly, Defendant violated the FLSA by failing to pay Plaintiff in accordance with the FLSA as set forth above.

WHEREFORE, Plaintiff demands payment for unpaid wages as well as reasonable attorney fees and costs and such other further relief as this Court deems just and proper with respect to Count Two.

DATED this **27th** day of **August 2020,**

**s. W. John Gadd**
W. John Gadd, Esq.
Fl Bar Number 463061
2727 Ulmerton Rd.
Ste.250
Clearwater, FL 33762
Tel – (727)524-6300
Email –wjg@mazgadd.com

**/S/ Kyle J. Lee Kyle J.Lee,Esq.**
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road,
Suite 303 Brandon, Florida 33511
Telephone: 813-343-2813
Email:kyle@kyleleelaw.com