UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARA HAUSMANN,

    Plaintiff,

v.                                Case No. 8:20-cv-2010-T-33AAS

DIVERSE LOGISTICS AND
DISTRIBUTION, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the parties' Joint Motion for Approval of Settlement Agreement (Doc. ## 34; 36), filed on December 28, 2020. For the reasons set forth below, the Motion is granted.

**I.   Background**

Plaintiff Sara Hausmann filed this Fair Labor Standards Act (FLSA) case against her former employer, Diverse Logistics Distribution, Inc., on August 27, 2020, alleging violations of the overtime provisions of the FLSA. (Doc. # 1). On September 28, 2020, the Court entered its FLSA Scheduling Order. (Doc. # 12).

The parties mediated the dispute on December 10, 2020, before Mark A. Hanley, Esq. (Doc. # 31). Mr. Hanley then filed his mediation report, in which he indicated that the "case

1

completely settled." (Id.). Thereafter, the Court entered an order directing the parties to file their motion for court approval of the settlement by December 21, 2020. (Doc. # 32). The parties failed to do so, and the Court sua sponte extended the deadline until December 28, 2020. (Doc. # 33).

On December 28, 2020, the parties filed their motion for court approval of the settlement agreement. (Doc. # 34). The Court then directed the parties to file their "settlement agreement on the record and inform the Court of the calculation of attorney's fees." (Doc. # 35). On January 4, 2020, the parties filed the same motion for approval of the settlement, now attaching the settlement agreement. (Doc. ## 36; 36-1). However, Hausmann failed to include a detailed breakdown of her attorney's fees calculation or a fee ledger. (Id.). The Court again sua sponte extended the deadline to do so, and Hausmann's counsel filed its fee ledger on January 13, 2021. (Doc. ## 37; 38). The Motion is now ripe for review.

**II. Discussion**

Hausmann alleges that Diverse Logistics violated the overtime provisions of the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties reached a settlement

2

wherein it was agreed that Hausmann would "receive a total amount of $4,000 ($2,000 representing back wages and $2,000 representing liquidated damages)." (Doc. # 36 at 2).

Additionally, the parties have agreed that Hausmann's counsel will receive $4,500 in attorney's fees and costs, with $500 of that sum representing costs. (Id.; Doc. # 38-1). In the settlement agreement, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and independently of Hausmann's recovery of unpaid wages. (Doc. # 36-1 at 1). Upon review of the fee ledger, the attorneys' fees and costs are reasonable. Hausmann's counsel charged reasonable market rates for attorneys of their experience, billing an hourly rate of $400. (Doc. # 38). And, Hausmann's counsel has already reduced its billed fees by $1,820 in order to finalize this settlement. (Id.).

The Court must consider several factors in deciding whether to approve a settlement agreement in an FLSA case. As explained in Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> if the parties submit a proposed FLSA settlement that,(1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's

3

>   attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Pursuant to <u>Bonetti</u> and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case. The settlement is fair and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Joint Motion for Approval of Settlement (Doc. ## 34; 36) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED** with prejudice.

(3) The Court declines to retain jurisdiction to enforce the terms of the settlement agreement.

(4) The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>15th</u> day of January, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4